# SYLLABI

OHIO PUB. SER. CO. v. SHARKEY, Admr.

Ohio Supreme Court.

No. 20522.   Decided Dec. 28, 1927.

Error to Trumbull Appeals.

Judgment affirmed.

**456.   EMPLOYER AND EMPLOYE—1283.** Workmen's Compensation.

1.   Action at law for death, injuries or occupational disease is abrogated by Art. II, Sec. 35 of the Ohio Constitution is action which existed in favor of employe against his own employer.

2.   Art. II, Sec. 35 does not bar action at law by administrator of employe against third person.

3.   Recovery in such action can be only pro tanto, and for such portion of damage not compensated for by allowance under Workmen's Compensation Act.

ALLEN, J.

1.   The action at law for death, injuries or occupational disease, which is abrogated by Section 35, Article II, of the Ohio Constitution effective January 1, 1924, is the action which existed in favor of the employe against his own employer.

2.   Section 35, Article II, of the Ohio Constitution, effective January 1, 1924, does not bar an action at law by the administrator of an employe against a third person for the employe's death resulting from injuries received in the course of his employment and alleged to have been caused by such third person, where both the third person and the employe's employer have complied with the Workmen's Compensation Act and compensation has been accepted for the death of such employe by his widow.

3.   Recovery in such action at law can only be pro tanto, and only for such portion of the damage as has not been compensated for by allowance under the Workmen's Compensation Act.

(Day, Kinkade, Robinson, Jones and Matthias, JJ., concur.)

———

SHEWARD v. STATE.

Ohio Supreme Court.

No. 20473.   Decided Dec. 28, 1927.

Error to Wood Appeals.

Judgment reversed.

**920.   PHYSICIANS AND SURGEONS—1103.   State Medical Board—291.   Constitutional Law—Sec. 12694 GC.** providing that certificate to effect that no certificate to practice medicine or surgery in State has been issued to person or persons specified therein, shall be received as prima facie evidence of record does not violate Art. 1, Sec. 10, Ohio Constitution.

MARSHALL, CJ.

Section 12694 of the General Code, providing that a certificate duly certified by the secretary of the state medical board under the official seal of the state medical board to the effect that it appears from the record of the state medical board that no certificate to practice medicine or surgery in the state of Ohio has been issued to any person or persons specified therein, shall be received as prima facie evidence of the record in any court or before any officer of the state, does not violate the provisions of section 10 of article 1 of the constitution of the state of Ohio.

(Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.)

———

ARMSTRONG v. ARMSTRONG.

Ohio Supreme Court.

No. 20532.   Decided Dec. 28, 1927.

Error to Hamilton Appelas.

Judgment affirmed.

**413.   DIVORCE AND ALIMONY—677.** Judgments and Decrees.

1.   Judgment for alimony, payable in installments, constitutes final judgment within full faith and credit clause of Federal Constitution.

2.   Where divorce was regularly decreed by Kentucky court, and sum payable in installments awarded as alimony for support and maintenance of children, such judgment will be enforced by courts of Ohio under full faith and credit clause of the Federal Constitution.

MATTHIAS, J.

1.   A judgment for alimony payable in installments rendered upon entering a decree for divorce constitutes a final judgment within the full faith and credit clause of the Federal Constitution so far as accrued installments are concerned, no modification of the decree having been made prior thereto, unless it appear from the law of the jurisdiction wherein the decree was granted that the power of modification expressly retained extends to accrued as well as to future installments of alimony.

2.   Where a divorce was regularly decreed by a Kentucky court and a sum payable in installments was awarded as alimony and for the support and maintenance of children of the parties and there has been no modification of such judgment it will be enforced by the courts of Ohio under the full faith and credit clause of the Federal Constitution.

(Marshall, CJ., Day, Allen, Kinkade, Robinson and Jones, JJ., concur.)